■ In the Matter of CHARLES HANSEN, Appellant, v. JOHN PONTICELLO et al., Constituting the Zoning Board of Appeals of the Town of Johnstown, Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered January 5, 1971 in Fulton County, in a proceeding under CPLR article 78, which confirmed the decision of the Zoning Board of Appeals of the Town of Johnstown, dated November 5, 1970, denying petitioner's application for a special permit to place two mobile homes on his property. In 1969, the petitioner and his wife acquired a 182-acre farm on Circle Drive in the Town of Johnstown, which is also bounded in part by Route 29. In the fall of 1970, petitioner made application for two special permits to place two mobile homes upon this farm, one to be used as a residence for himself and his wife, and the other for similar use by his daughter and son-in-law, with entrances to the mobile homes to be on Circle Drive. The application was made pursuant to subdivision B of section 7 of the Town Zoning Ordinance which authorizes the Zoning Board of Appeals to issue a special permit for the use of mobile homes in a residential-agricultural district. The following criteria were established to guide the Zoning Board of Appeals in its review of each application for a special permit for mobile home use, to wit: " Mobile homes should not be placed: 1. Near adjacent City boundaries because this is where conventional residential expansion is anticipated. 2. Along major highways in the Town leading out of adjacent cities, for the same reason. 3. In areas of the Town where conventional housing is already congregated and expanding. Areas suitable for mobile home locations: 1. Areas where mobile homes are already congregated. 2. Relatively remote areas, not on major highways, where no housing exists or only scattered conventional housing exists with little hope of expansion in the coming years." On November 5, 1970 the Board of Zoning Appeals determined after a hearing and consideration of the above criteria that: " This leaves gray areas composed of farm lands containing scattered conventional housing with an occasional Mobilehome. These gray areas have been and are being examined by the Zoning Board and the Town Board. These areas, without being specifically zoned, have been divided into areas that in our opinion should be reserved for conventional housing, and areas into which it is unlikely that conventional housing will expand in the foreseeable future. The area in which the Hansen Farm is located is in part of a larger area, comprising roughly Route 29, East Main St. Ext. and East State St. Ext., that the Town is attempting to reserve for conventional housing." The board then denied the petitioner's applications. Appellant contends that the criteria followed by the Zoning Board of Appeals are of such a vague, broad and indefinite nature that the decision of the board should be annulled, and that the decision of the board was arbitrary and capricious. In our opinion, the criteria established were reasonable and gave due consideration for a thoughtful, planned development of certain areas of the town involved. The area involved here includes a portion of the suburbs of the Cities of Johnstown and Glovers-

ville. The Zoning Board of Appeals considered the future orderly growth of the town and its decision was not arbitrary, capricious, nor an abuse of discretion. It is well settled that in reviewing board actions as to variances or special exceptions the courts do not make new or substitute judgments, but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion. (*Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20.) Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.